

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# Inge v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Inge v. Atty Gen USA" (2008). *2008 Decisions*. Paper 402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2055

———————

INGE, NO GIVEN NAME,
a/k/a Alberta Eufenia Inge,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A97-965-154
Immigration Judge: R. K. Malloy

———————

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

———————

Before: BARRY, STAPLETON, Circuit Judges, and RESTANI,[*] Judge

(Opinion Filed: October 7, 2008)

———————

OPINION

———————

———————

[*] Honorable Jane A. Restani, Chief Judge, U.S. Court of International Trade, sitting by designation.

BARRY, <u>Circuit Judge</u>

Alberta Eufenia Inge[1] is a Chinese Christian woman and a citizen of Indonesia. She arrived in the United States on December 18, 2002 as a non-immigrant visitor. On October 29, 2003, she timely filed an application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Inge was interviewed by an immigration officer and then served with a Notice to Appear charging her with being an alien subject to removal.

Inge conceded her removability before an immigration judge ("IJ"), who conducted a hearing on her application on August 11, 2005. Inge testified that while living in Indonesia she had never been physically harmed on account of her ethnicity or religion and that she had never been prevented from practicing Catholicism. Nonetheless, she claimed that if she were returned to Indonesia, she would be persecuted on account of her ethnicity and religion. This was so, she argued, because there exists in Indonesia a pattern or practice of persecution of Chinese Christians generally. Inge offered in support of her argument the U.S. State Department reports for Indonesia from 2001, 2003, and 2004, and the reports and testimony of two experts who argued essentially that the mistreatment of Chinese Christians in Indonesia has worsened with time.

At the conclusion of the hearing, the IJ denied Inge's claims for relief. The IJ reasoned that based on Inge's admission that she had not suffered any physical harm in

_____

[1] According to her brief, this is petitioner's Baptismal name. She has no first name by birth.

Indonesia, she failed to establish past persecution, and that her claims for relief must, therefore, be based solely on her purported fear of future persecution. On that point, the IJ held that while there was sufficient evidence in the record, including the affidavits of Inge's two experts, "that there are some inter-religious tensions in Indonesia," Inge's claimed fear of future persecution was "purely speculative." (J.A. 12.) Indeed, the IJ found that the Indonesian government had, in fact, been taking steps to curtail violence against Chinese Christians.

Inge appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed in an order dated March 8, 2007.[2] The BIA rejected Inge's argument that the IJ failed to consider the affidavits submitted by her two experts, noting that she expressly cited them in her opinion. The BIA went on to find that the two affidavits were in conflict with the 2004 State Department Report for Indonesia. Based on this Report, which the BIA found to be more persuasive than Inge's expert evidence, the BIA held that the threat of harm to Chinese Christians living in Indonesia was not so great as to amount to a pattern or practice of persecution.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). *Pierre v. Atty. Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc). Where, as here, the BIA does not merely adopt an IJ's opinion but instead renders its own decision, we review the decision of the BIA. We review the BIA's conclusions regarding a

---

[2] Inge did not appeal the denial of her CAT claim.

3

petitioner's claim of a well-founded fear of persecution under the deferential substantial evidence standard. *Wong v. Atty. Gen.*, 536 F.3d 225, 230-31 (3d Cir. 2008).

Inge's sole argument on appeal is that the record compels a finding that there is a pattern or practice of persecution against Chinese Christians living in Indonesia and that, therefore, she has satisfied her burden of demonstrating a threat to her life or freedom for purposes of her asylum and withholding of removal claims. *See* 8 C.F.R. § 1208.16(b)(2)(i).[3] Inge's argument is unavailing. The BIA's determination that there is not a pattern or practice of persecution against Chinese Christians living in Indonesia was based on the fact that the 2004 State Department Report for Indonesia, which noted a decline in discrimination and harassment against Chinese Christians in Indonesia, was more persuasive than Inge's expert evidence. Indeed, we recently held in *Wong* that the 2003 and 2004 State Department reports for Indonesia do not document a pattern or practice of persecution of Chinese Christians in Indonesia, and specifically noted that the 2004 Report found that "discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years." 536 F.3d at 233 (internal quotation omitted). Because substantial evidence supports the decision of the BIA, we will deny Inge's petition for review.[4]

---

[3] Neither before the BIA nor in her brief on appeal did Inge argue past persecution. However, in a supplemental memorandum submitted at our request following the decision in *Wong*, she invites us to conclude that she suffered past persecution, "the main issue here" (Memo. at 2). *Wong* did not address past persecution and perhaps that is why it has now become "the main issue." We decline the invitation.

[4] As we held in *Wong*, "[w]here . . . a petitioner has not met her burden of proof with respect to asylum, the petitioner is also not eligible for withholding of removal." 539 F.3d

at 236-37.